UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
YU JUAN SHENG,

                Plaintiff,

   -against-

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------X

**MEMORANDUM & ORDER**

05-CV-1118 (RJD) (VVP)

DEARIE, District Judge.

Plaintiff Yu Juan Sheng brings this action for a preliminary injunction against the City of New York and individual City employees pursuant to 28 U.S.C. § 2201 and 42 U.S.C. §§ 1983 and 1988. Plaintiff alleges that defendants violated her constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. Plaintiff seeks an order that, *inter alia*, vacates all property executions and judgments issued against her in connection with unpaid parking tickets; stays enforcement of all outstanding parking tickets; requires the New York City Department of Finance to permit public observation of parking ticket hearings with at least five chairs per hearing room; and suspends the requirement that plaintiff pay fines before appeal. For the reasons described below, plaintiff's motion for a preliminary injunction is denied.

I.     Background

The City of New York has issued numerous parking tickets to plaintiff, a resident alien who emigrated to the United States from China in December 1996. Sheng Decl. ¶¶ 3-5. Plaintiff works as a sales representative for Time Warner Cable and relies on her car for this job. Id. ¶ 44. She also requires her car to attend graduate school at Brooklyn College and to conduct personal

1

business. Id. Plaintiff is missing the knee joint in her right leg, which is nine centimeters shorter than her left leg. Id. ¶ 4. Because of this condition, plaintiff "frequently suffer[s] pain in [her] right leg" when she has to walk long distances. Sheng Reply Decl. ¶ 12. Plaintiff has not availed herself of any parking privileges for the handicapped because she claims she has "bad memories . . . of discrimination that disabled persons historically have faced in [China] . . . where [she] look[ed] at the handicap logo as a Scarlet Letter." Sheng Decl. ¶ 4.

Tickets or summonses for parking violations in the City of New York are handled by the Adjudications Division of the New York City Department of Finance, which is also known as the Parking Violations Bureau. The DOF maintains Business Centers in each borough where people may contest or pay parking tickets in person. Parking tickets may also be contested through hearings by mail or via the internet. Plaintiff has contested parking tickets using all three methods. Def. Opp. at 2-3.

Plaintiff has not, however, adjudicated several of her most recent parking tickets, due to a conflict between her counsel and an ALJ at Queens Business Center in October 2004. Amend. Compl. ¶¶ 47-62. According to plaintiff, "October 29, 2004 was the second time in three tries wherein [plaintiff's] attorney was threatened with arrest if he did not immediately leave the premises when appearing with [plaintiff] at the Queens Business Center for a hearing on parking summonses." Id. ¶ 61. Plaintiff alleges that she "fears that if she and her attorney attempt to go back to the Queens Business Center to contest parking summonses, that there is a very high probability that they again will be threatened with arrest attempting to navigate the thicket of appearing with counsel in an environment that enforces a rule of only one person to a hearing room." Id. ¶ 62.

II. Standard for Preliminary Injunction

In order to obtain a preliminary injunction, Sheng must first show that absent an injunction she will suffer irreparable harm. See, e.g., Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996). Where, as here, plaintiff "seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme," she must also show a "likelihood of success" on the merits. Plaza Health Labs., Inc. v. Perales, 878 F.2d 577, 580 (2d Cir. 1989). Because plaintiff seeks a mandatory injunction, she must establish a "clear" or "substantial" likelihood of success on the merits. See Jolly, 76 F.3d at 473; Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc., 60 F.3d 27, 33-34 (2d Cir. 1995); Padberg v. McGrath-McKechnie, 108 F. Supp. 2d 177, 183-84 (E.D.N.Y. 2000).

A. Irreparable Harm

Plaintiff fails to show irreparable harm. At oral argument and by letter dated June 30, 2005, defendants agreed to effect a "hold" on the towing of plaintiff's vehicle during the pendency of this action. Defendants have represented that, if the hold is inadvertently overridden and plaintiff's car is mistakenly towed, defendants will make "every effort to allow plaintiff to quickly reclaim her car." Kristine D. Holden Ltr. to Court, dated June 30, 2005, at 2. Moreover, the Court finds that plaintiff, if successful in this litigation, will be adequately compensated by monetary damages, and that she can self-mitigate any further damages by parking legally.

B. Merits

Even if plaintiff could establish irreparable harm, she has not established a clear or substantial likelihood of success on the merits. Plaintiff alleges that defendants violated her Sixth Amendment right to a public trial by only allowing one person in the hearing room and by

3

preventing her from exercising her right to counsel at the hearings. Yet the Sixth Amendment governs only "criminal prosecutions." See Kennedy v. Mendoza-Martinez, 372 U.S. 144, 167-69 (1963) (listing the criteria to determine whether a sanction is punitive in nature such that the safeguards guaranteed by the Sixth Amendment apply). Although plaintiff argues that parking hearings are quasi-criminal proceedings, at least one district court in this Circuit found it "undisputed, and of some constitutional significance, that the commission of a parking regulations infraction constitutes a civil violation." Rackley v. City of New York, 186 F. Supp. 2d 466, 481 (S.D.N.Y. 2002) (granting summary judgment against car owner who brought a Section 1983 action against the City, alleging that seizures of his car for failure to pay parking tickets violated the Fourth and Fourteenth Amendments).

Even assuming the Sixth Amendment does apply here, it is unlikely that plaintiff can show that defendants have violated her rights. The ALJ ejected plaintiff's lawyer from the hearing in October 2004, apparently because of a conflict over counsel's attempt to bring an additional chair into the hearing room. Plaintiff has not presented evidence that the Parkings Violations Bureau of the DOF enforces a policy prohibiting a public hearing with counsel. In fact, defendants contend that DOF policy provides for public observation of hearings and accommodation of advance requests to ensure access to hearings. Resp. to Interrogs. at 3, Holden Decl. Ex. B. Moreover, defendants note that plaintiff, represented by counsel, attended a hearing at the Queens Business Center on June 8, 2004. Def. Opp. at 10.

Plaintiff also claims that the seizure of her car violated the Fourteenth Amendment as implemented by 42 U.S.C. § 1983. To establish a procedural due process violation, plaintiff must "first identify a property right, second show that the state has deprived him of *that* right,

4

and third show that the deprivation was effected without due process." Local 342, Long Island Public Serv. Employees v. Town Bd. of Town of Huntington, 31 F.3d 1191, 1194 (2d Cir. 1994) (internal quotations and citation omitted). It is well settled that "due process . . . require[s] notice and an opportunity to be heard prior to the deprivation of a property interest, in the absence of an extraordinary situation [] that justifies postponing notice and opportunity for hearing." See United States v. Premises & Real Prop. at 4492 South Livonia Rd., 889 F.2d 1258, 1263 (2d Cir. 1989) (internal quotations and citations omitted). The availability of adequate pre-deprivation remedies under state law will defeat a Section 1983 action brought against state actors in cases where claimant had sufficient notice of such remedies. See, e.g., Gudema v. Nassau County, 163 F.3d 717, 724 (2d Cir. 1998) (affirming district court's finding that plaintiff's due process rights were not violated where Article 78 provided plaintiff with an adequate remedy).

Plaintiff has repeatedly demonstrated her ability to avail herself of various remedies to avoid seizure of her car. Even assuming that hearings at the Queens Business Center would not provide plaintiff with adequate due process protection, plaintiff could have challenged her parking summonses at any of the other City facilities, or in a hearing by mail or over the Internet. In addition, plaintiff could have commenced an Article 78 proceeding in New York State Court to challenge the Parking Violations Bureau determinations.

Plaintiff also alleges that defendants fail to follow the scheduling requirements under Section 242 of New York Vehicle and Traffic Law, pointing to the one-year backlog in appeals. Defendants admit the existence of serious delays in appeals but note that Section 242 does not require the Parking Violations Bureau to hear appeals within 30 days, as plaintiff contends, but rather to notify appellant of a scheduled date for the appeal within 30 days. In addition, plaintiff

raises claims regarding the validity of judgments entered against her, the lack of clear procedures for obtaining a stay at the Adjudications Division, the unavailability of subpoenas, and defects in the parking violations database. Plaintiff however relies primarily on "the strength of her case on Sixth Amendment grounds." Pl. Mem. at 25. Plaintiff has failed to establish a clear or substantial likelihood of success on the merits of these claims. Plaintiff does not brief her Fourth Amendment argument, which also appears unlikely to succeed. Under the Fourth Amendment searches and seizures must be reasonable, a requirement that seizures based on unpaid tickets are likely to meet.

Accordingly, plaintiff's motion for a preliminary injunction is denied.

SO ORDERED.

Dated: Brooklyn, New York
August __, 2005

RAYMOND J. DEARIE
United States District Judge