UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

YU JUAN SHENG,

       Plaintiff,

       - against -

CITY OF NEW YORK, et al.,

       Defendants.

-----------------------------------------------------X

**ORDER**
05-CV-1118 (RRM) (VVP)

**MAUSKOPF, United States District Judge.**

    Plaintiff, Yu Juan Sheng, commenced the instant civil action pursuant to 42 U.S.C. §

1983, alleging that Defendants violated her rights under the Fourth, Sixth, and Fourteenth

Amendments to the United States Constitution, and certain provisions of New York's Vehicle

and Traffic law. Defendants moved and Plaintiff cross-moved for partial summary judgment,

and the parties' motions were referred to Magistrate Judge Viktor V. Pohorelsky for a Report and

Recommendation ("R&R"). Now before the Court is Judge Pohorelsky's R&R, which

recommends the following:

1. That Defendants' motion for summary judgment be granted dismissing (i) all claims that the Plaintiff's rights under the Fourth, Sixth and Fourteenth Amendment were violated by the Policies alleged in paragraphs 94, 95, 97, 101, 106, 108, 109, 113-115, 118-120, 124-127, and 129-32 of the Third Amended Complaint and (ii) all claims that the Plaintiff's rights under state or federal law were violated by any policy or conduct of the City concerning Article 78 proceedings on parking violations, which would have the effect of dismissing the requests for relief sought by Plaintiff in paragraph 170 of the Third Amended Complaint and in paragraphs 10 through 12 of the ad damnum.

2. That Plaintiff's motion for summary judgment be denied in all respects; and

3. That the Court should *sua sponte* grant summary judgment dismissing all requests for relief sought by the Plaintiff in paragraphs 162, 164, and 172-175 of the Third Amended Complaint, and in paragraphs 2, 3, 8, 9, and 13 of the *ad damnum* of the Third Amended Complaint.

*See* Document 86.  On July 13, 2009, Plaintiff filed timely objections to the R&R, which

Defendants oppose.[1] Documents 87 and 88.

In light of Plaintiff's timely objections, and pursuant to this Court's obligations under 28

U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), this Court has conducted a *de novo* review of the

R&R and the underlying pleadings and factual record upon which it is based.  Having conducted

such review, and upon careful consideration of Plaintiff's objections, as well as the points

discussed in Defendants' supporting submissions, Plaintiff's objections are overruled.  This

Court, fully concurring with the Magistrate Judge in all material respects, hereby adopts, as its

own, the rationale articulated in the thoroughly researched and well-reasoned R&R.[2]

Also before the Court are Plaintiff's objections to Judge Pohorelsky's September 17,

2009 and January 4, 2010 Orders limiting discovery to Plaintiff's non-*Monell* claims.

Documents 90 and 99.  Under Fed. R. Civ. P. 72(a), the district judge must consider timely

objections to non-dispositive matters and "modify or set aside any part of the order that is clearly

erroneous or is contrary to law."  Under this standard, a magistrate judge is "afforded broad

discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is

abused."  *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009) (citing

*Commodity Futures Trading Com'n v. Standard Forex, Inc.*, 882 F. Supp. 40, 42 (E.D.N.Y.

---

[1] In her objections, Plaintiff states, "[a]bsolutely out of the blue the Magistrate Judge recommends that the Court grant defendants summary judgment dismissing plaintiff's requests for injunctive relief as requested in paragraphs 18 and 19 of the *ad damnum* clause of the Third Amended Complaint." Pl. Obj. at 31. Plaintiff is mistaken. The Magistrate Judge did not grant defendants summary judgment on these claims, but instead, denied plaintiff's cross-motion for summary judgment as to these claims.

[2] Plaintiff objects to the portion of the R&R recommending that her state law claim of improper service by affixation and related requests for declaratory and injunctive relief should be dismissed. *See* Doc. 86 at 28. Although Plaintiff correctly notes that the Magistrate Judge did not address the second incident of improper service by affixation, *see Hillgardner Dec.* ¶ 24, the Court , after *de novo* review, agrees with the Magistrate Judge that summary judgment for Defendants on this claim should be granted, and that Plaintiff's requests for declaratory and injunctive relief on this claim should be dismissed.

1995)). Here, Judge Pohorelsky's ruling that discovery on Plaintiff's *Monell* claims would be unduly burdensome was not clearly erroneous and was certainly within the sound discretion of the Magistrate Judge. *Masi v. City of New York*, 98 Civ. 6802, 1999 WL 688453 (S.D.N.Y. Sept. 2, 1999) (granting motion to bifurcate and staying discovery as to municipal liability). Accordingly, Plaintiff's objections are overruled.

Finally, Defendants request a promotion conference in anticipation of their motion for summary judgment. Defendants' request is granted. The Court shall hold a pre-motion conference at 2:00 p.m. on November 1, 2010 in Courtroom N6F. By October 18, 2010, the parties shall submit a Joint Status Report briefly outlining the nature of the motion(s) sought to be made and the parties' positions on the motion(s), the status of discovery and its impact on any motion(s), and any other outstanding issues that must be addressed before this matter may move forward toward resolution by trial, motion or settlement.

SO ORDERED.

Dated: Brooklyn, New York
      September 20, 2010

 

                                    _____
                                      ROSLYNN R. MAUSKOPF
                                      United States District Judge