UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YU JUAN SHENG,

                Plaintiff,

       - against -

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

**MEMORANDUM AND ORDER**
05-CV-1118 (RRM)(VVP)

      Plaintiff, Yu Juan Sheng, commenced the instant civil action pursuant to 42 U.S.C. §

1983, alleging that Defendants violated her rights under the Fourth, Sixth, and Fourteenth

Amendments to the United States Constitution, and certain provisions of New York's Vehicle

and Traffic law, in relation to plaintiff's experiences in receiving and contesting numerous

parking tickets issued by the defendant City of New York between 2002 and 2008.  On

September 20, 2010, the Court adopted a thorough and comprehensive Report and

Recommendation issued by Magistrate Judge Viktor Pohorelsky (Doc. No. 99), dismissing on

the parties' cross-motions for partial summary judgment most of plaintiff's claims for relief.

(Doc. No. 110.)

      Presently before the Court are the parties' cross-motions for summary judgment seeking

judgment on, or dismissal of, plaintiff's remaining claims.  Those claims allege violations of

substantive and procedural due process based on various procedures and practices of the Cityand

alleged violations by the City of certain state laws .

      Upon consideration of the parties Local Rule 56.1 statements and all supporting materials

attached thereto, as well as the parties memoranda of law filed in support, and relying on the

undisputed facts set forth in the record, this Court GRANTS defendant's Motion for Summary

Judgment (Doc. No. 123) and dismisses all of plaintiff's remaining federal claims.  To the extent that plaintiff asserts any claims under state law, the Court declines to exercise its supplemental jurisdiction.  *See, e.g., Klein & Co. Futures, Inc. v. Bd. of Trade,* 464 F.3d 255, 262 (2d Cir. 2006).

Further, and in light of the grant of summary judgment to defendant City of New York, the Court DENIES in its entirety plaintiff's cross-motion for summary judgment (Doc. No. 125). As this Court finds no constitutional violation pursuant to § 1983, plaintiff's request for *Monell* discovery, stayed pending the outcome of the two cross-motions for summary judgment is DENIED.

Simply put, no disputes of fact remain, and as a matter of law and for a variety of reasons, the uncontroverted record evidence does not support any claim that plaintiff was deprived of notice or opportunity to be heard under the circumstances sufficient to meet the requisites of the due process clause with respect to any of the parking tickets underlying her claims, *see Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950); *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988), or that any of the City's practices or procedures, or violations of state law, even if true, were so "arbitrary" or "conscience-shocking," either alone or in combination, to constitute a deprivation of substantive due process.  *See generally Albright v. Oliver*, 510 U.S. 266, 271-73 (1994); *Daniels v. William*, 474 U.S. 327, 331 (1986). A full written opinion will follow.  Moreover, many of plaintiff's remaining claims are grounded solely in bald, sweeping and conclusory assertions by plaintiff or, most often, her counsel, wholly unsupported by any admissible evidence, and many find no support in law. Furthermore, many of those assertions have been previously rejected in this Court's Order adopting the magistrate judge's Report and Recommendation.  In short, for many reasons, all

soundly grounded in the law relating to due process, plaintiff again has not and cannot establish any constitutional injury.

   With regard to plaintiff's claims pursuant to *Monell v. N.Y.C. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978), plaintiff must first establish a constitutional violation in order for a municipality to be held liable.  *Bryant v. Ward*, No. 09-CV-981(AWT), 2011 U.S. Dist. LEXIS 77345 (D.Conn. July 18, 2011) (citing *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (*Monell* does not provide a separate cause of action).  Having failed to so do, she is not entitled to discovery on any such claims.

          SO ORDERED.

Dated:  Brooklyn, New York       ***Roslynn R. Mauskopf***
    March 30, 2012        ROSLYNN R. MAUSKOPF
               United States District Judge